(No. 3025— )

ELVA JENNINGS PENWELL, Claimant, *vs.* STATE OF ILLINOIS,
Respondent.

*Opinion filed September 12, 1946.*

JOHN W. PREIHS, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR
NEBEL, Assistant Attorney General, for respondent.

ECKERT, C. J.

Claimant was injured on February 2, 1936, in an
accident arising out of and in the course of her employ-
ment as a Supervisor at the Illinois Soldiers' and Sail-
ors' Children's School at Normal, Illinois. The injury
was serious, causing temporary blindness and general
paralysis. The facts are fully detailed in the case of
*Penwell* v. *State*, 11 C. C. R. 365, in which an award was
made to the claimant of $5,500.00 for total permanent
disability, $8,215.95 for necessary medical, surgical, and
hospital services expended or incurred to and including
October 22, 1940, and an annual pension of $660.00. On
February 10, 1942, a further award was made to claim-
ant for medical and hospital expenses incurred from
October 22, 1940, to January 1, 1942, in the amount of

$1,129.82. On March 10, 1943, a further award was made to claimant for medical and hospital expenses from January 1, 1942, to December 31, 1942, in the amount of $1,164.15. On March 15, 1944, a further award was made to claimant for medical and hospital expenses from January 1, 1943, to and including September 30, 1943, in the amount of $853.07. On April 17, 1945, a further award was made to claimant for medical and nursing expenses incurred from October 1, 1943, to and including February 28, 1945, in the amount of $1,955.29. Claim is now made for an additional award of $1,666.12 for medical and nursing expenses from February 28, 1945, to and including April 1, 1946.

Claimant remains totally paralyzed from the waist down, the paralysis being of a spastic type; her physical condition has not improved. She has no control over her lower limbs, nor over urine and faeces. From February 28, 1945, to and including April 1, 1946, she has been required, to relieve her of her injury, and to prevent deformity and to stimulate circulation, and for relief of bed sores, to employ and receive medical services and nursing attention. She remains helpless, requiring the services of nurses or attendants to move her to and from her bed, to change her bed clothing at least three or four times a day, to administer light treatment to the affected parts of her paralyzed body, and to rub her body with ointments prescribed by her physician. Because of the complete paralysis of her lower abdomen and legs, the functioning of her kidneys and bladder is impaired, and medical attention is required to flush these organs and to prevent infection arising from her impaired circulation and paralysis. The services of a physician are needed almost daily and must be rendered in her home.

Claimant has therefore employed a physician on a

monthly basis at a charge of $75.00 per month, which is a lesser rate than ordinarily charged, and for which she seeks reimbursement in the total sum of $825.00. Claimant also seeks reimbursement, at the rate of fifty cents per day, in the total amount of $182.50, for board and room of attending nurses. Such expenditure obviates the employment of both a day and a night nurse. In addition, claimant has expended, for nursing services, $618.50, and for drugs and supplies, $40.12. She has submitted to the court, with her verified petition, the original receipts and vouchers showing payment of these respective items, except a medical expenditure of $75.00 for which a receipt for $55.00 only is submitted. This must be disallowed to the extent of $20.00.

This court has heretofore held that under Section 8, paragraph (a) of the Workmen's Compensation Act, claimant is entitled to such care as is reasonably required to relieve her of the effects of the injury. *(Penwell v. State, supra.)* There has been no change in claimant's physical condition to justify the denial of an award at this time. The services claimed appear to have been reasonably required and the charges to be reasonable and just.

Award is, therefore, made to the claimant for medical and nursing expenses from February 28, 1945, to and including April 1, 1946, in the sum of $1,646.12, which has accrued and is payable forthwith. The court reserves for future determination claimant's need for further medical, surgical and hospital services.